UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-1(b)

Davis Law Center, LLC
Vincent Ansetti, Esq. (007992005) of Counsel
3 Main Street
Newark, New Jersey 07105
T: 973-315-7566
rob@davislawcenterllc.com
Attorneys for Debtor

FILED
JEANNE A. NAUGHTON, CLERK
SEP 19 2019
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY_____ DEPUTY

In Re:
JORGE PUERTA & LUVIDIA PUERTA

Case No.: 18-18150
Hearing Date: 9-18-19
Chapter: 13
Judge: RG

## ORDER AUTHORIZING
## SALE OF REAL PROPERTY

Recommended Local Form:    ☒ Followed    ☐ Modified

The relief set forth on the following pages numbered two (2) and three (3) is
ORDERED.

9-19-19                    _____
                           USBJ

After review of the Debtor's motion for authorization to sell the real property commonly known as _____172 WILSON AVENUE, KEARNY, NJ 07032_____, New Jersey (the Real Property).

IT IS hereby ORDERED as follows:

1. The Debtor is authorized to sell the Real Property on the terms and conditions of the contract of sale pursuant to 11 U.S.C. §§ 363(b) and 1303.

2. The proceeds of sale must be used to satisfy the liens on the real property unless the liens are otherwise avoided by court order. Until such satisfaction the real property is not free and clear of liens.

3. ☒  In accordance with D.N.J. LBR 6004-5, the *Notice of Proposed Private Sale* included a request to pay the real estate broker and/or debtor's real estate attorney at closing. Therefore the following professional(s) may be paid at closing.

| | |
|---|---|
| Name of professional: | Tamayo Oppenhiemer/ Binghu Zhang/Robert B. Davis, Esq. |
| Amount to be paid: | $9,625.00/9,325.00/2,500.00 * |
| Services rendered: | Real Estate broker listing and selling<br>Real Estate Attorney legal fee |

*These payments shall be escrowed at closing and released upon the entry of orders retaining these professionals.

OR: ☐  Sufficient funds may be held in escrow by the Debtor's attorney to pay real estate broker's commissions and attorney's fees for the Debtor's attorneys on further order of this court.

4. Other closing fees payable by the Debtor may be satisfied from the proceeds of sale and adjustments to the price as provided for in the contract of sale may be made at closing.

2

5. The amount of $ __50,300.00__ claimed as exempt may be paid to the Debtor.

6. The ☐ *balance of proceeds* or the ☒ *balance due on the debtor's Chapter 13 Plan* must be paid to the Chapter 13 Trustee in the Debtor's case.

7. A copy of the HUD settlement statement must be forwarded to the Chapter 13 Trustee 7 days after closing.

8. ] The debtor must file a modified Chapter 13 Plan not later than 21 days after the date of this order.

9. Other provisions: It is expressly understood, agreed, stipulated and Ordered that the Mortgagee consents to a sale or refinance of the mortgaged property (the "Transaction") if and only if a sufficient portion of the proceeds of any Transaction shall be devoted to full satisfaction of all sums due upon the Mortgage held/serviced by the Mortgagee, their successors and/or assigns and that the Mortgage lien shall not be released unless and until sufficient funds are tendered and applied to the subject Mortgage account to fully satisfy all sums due upon the Mortgage, notwithstanding entry of Final Judgment in Foreclosure and/or any Proof(s) of Claim or other documents filed in any Bankruptcy case, together with any amounts, including without limitation advances, disbursements, interest, costs, fees, etc. which may have been disbursed, incurred or otherwise become due after a formal Payoff Statement is provided. All terms and conditions of the Mortgagee's Payoff Statement, to be supplied in the ordinary course, are to be deemed incorporated herein by reference and compliance with such terms and conditions is required as a condition precedent to release of the Mortgage lien. The Mortgagee's contractual Payoff Statement and applicable non-bankruptcy law shall be the exclusive determinant of the full amount due on the Mortgage lien. The Trustee and/or Debtor reserves the right to question, contest and/or request verification of any line item(s) in the Mortgagee's Payoff Statement, but waives any challenge to the contractual calculation of the full amount due. In the alternative, the Mortgagee may, in their exclusive and unrestricted discretion, agree to accept less than the full amount due to release their lien, but is not obligated to do so.

*The 14 day stay under Bankruptcy Rule 6004(h) is waived.*

rev.8/1/15

3

United States Bankruptcy Court
District of New Jersey

In re:  
Jorge Puerta  
Ludivia P Puerta  
    Debtors

Case No. 18-18150-RG  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-2      User: admin      Page 1 of 1      Date Rcvd: Sep 19, 2019  
                        Form ID: pdf903    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 21, 2019.  
db/jdb        +Jorge Puerta,    Ludivia P Puerta,    172 Wilson Ave,    Kearny, NJ 07032-3338

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                            TOTAL: 0

         ***** BYPASSED RECIPIENTS *****  
NONE.                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 21, 2019                                    Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 19, 2019 at the address(es) listed below:  
           Marie-Ann Greenberg     magecf@magtrustee.com  
           Rebecca Ann Solarz     on behalf of Creditor     Specialized Loan Servicing LLC    rsolarz@kmllawgroup.com  
           Robert P. Saltzman     on behalf of Creditor     Specialized Loan Servicing LLC dnj@pbslaw.org  
           U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov  
           Vincent Ansetti     on behalf of Debtor Jorge Puerta vincent@ansettilaw.com, vincent@ansettilaw.com  
           Vincent Ansetti     on behalf of Joint Debtor Ludivia P Puerta vincent@ansettilaw.com, vincent@ansettilaw.com  
                                                                             TOTAL: 6